UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY GORDON POLLO,<br><br>Defendant. | No. 2:11-cr-00127-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Anthony Gordon Pollo's ("Defendant") pro se motion to terminate his supervised release. (ECF No. 62.) The Government did not file an opposition. For the reasons set forth below, Defendant's motion to terminate his supervised release is DENIED.

On August 25, 2022, Defendant appeared before the Court for final revocation proceedings of supervised release. (ECF No. 60.) The Court found Defendant violated the terms and conditions of his supervised release as alleged in Charges 1, 2, 3, 4, and 5, of the superseding violation petition (ECF No. 48) filed on May 20, 2022. (ECF Nos. 60, 61.) The Court subsequently revoked Defendant's supervised release previously imposed and sentenced Defendant to 12 months imprisonment followed by a term of 108 months of supervised release. (*Id.*)

///

On December 19, 2022, Defendant filed the instant motion to terminate his 108-month term of supervised release.  (ECF No. 62.)  Defendant argues the imposition of this term of supervised release, after the revocation of his previously imposed terms of supervised release, violates the double jeopardy clause of the Fifth Amendment.  (*Id.* at 2–5.)  Defendant argues that supervised release is categorically different than parole and imposes an additional punishment on Defendant placing him in jeopardy twice for the same offense.  (*Id.* at 5.)

As a threshold matter, a review of the docket shows that Defendant is currently represented by counsel.  Generally, a Defendant represented by counsel is not entitled to make filings on a pro se basis.  *See United States v. Garcia*, No. 1:06-CR-0311 AWI-2, 2020 WL 4607271, at *1 (E.D. Cal. Aug. 11, 2020); *see also United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir. 1987) ("A criminal defendant does not have the right to simultaneous self-representation and the assistance of counsel.") (emphasis in original).  On this ground, Defendant's pro se motion to terminate supervised release fails.  However, even putting aside the pro se filing issue, Defendant's motion fails on the merits for the reasons discussed below.

Pursuant to 18 U.S.C. § 3583, a district court may "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release. . . if the court. . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3); *see also United States v. Huerta–Pimental*, 445 F.3d 1220, 1224–25 (9th Cir. 1996) (rejecting constitutional challenge to 18 U.S.C. § 3583(e)(3)).  This is in part, because the "imposition of imprisonment following the revocation of supervised release is part of the original sentence authorized by the fact of conviction and does not constitute additional punishment beyond the statutory maximum."  *Id.* (citing *United States v. Liero*, 298 F.3d 1175, 1178 (9th Cir. 2002)).  The same reasoning applies to supervised release.  "When a district court revokes a defendant's term of supervised release, the new sentence may include an additional term of supervised release."  *United States v. Many White Horses*, 964 F.3d 825, 828 (9th Cir. 2020) (citing 18 U.S.C. § 3583(h)).  This is because the imposition of this new sentence, which includes the term of supervised release, is *part of* the original sentence.  *See Huerta–Pimental*,

445 F.3d at 1224–25.

In the instant case, the Court found by a preponderance of the evidence Defendant violated conditions of his supervised release and subsequently revoked Defendant's supervised release.  (ECF No. 61.)  Accordingly, the Court was statutorily and constitutionally permitted to impose an additional sentence, including a new term of supervised release.  *See* 18 U.S.C. § 3583; *Huerta–Pimental*, 445 F.3d at 1224–25; *Many White Horses*, 964 F.3d at 828.  There are no double jeopardy implications because any subsequent sentence following revocation is part of the original sentence.  *Huerta–Pimental*, 445 F.3d at 1224–25.  The governing limitation here is not the double jeopardy clause of the Fifth Amendment but rather § 3583(h), which requires the term of supervised release following revocation "not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h).  In the instant case, the statutory maximum term of supervised release is life.  *See* 18 U.S.C. § 3583(k).  The Court imposed a supervised release term of 108-month following revocation, which falls within the § 3583 limitation on supervision.  Accordingly, because the imposition of the 108-month term of supervised release following revocation of a previously imposed supervised release does not violate Defendant's Fifth Amendment rights and was within the dictates of § 3583, Defendant's motion cannot prevail.

For the foregoing reasons, the Court hereby DENIES Defendant's pro se motion to terminate his supervised release.  (ECF No. 62.)

IT IS SO ORDERED.

**DATED:  March 1, 2023**

Troy L. Nunley
United States District Judge

3